IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
_____

PHYLLIS A. MARTINEZ,

      Plaintiff,

v.                                                     No. CIV 00-770 BB/DJS

U.S. WEST COMMUNICATIONS a/k/a
QWest,

      Defendant.

## MEMORANDUM OPINION
### AND
### ORDER DISMISSING COMPLAINT
### UNDER RULE 4(M)

      THIS MATTER came before the Court when upon a periodic review of court files it was noticed that no return of service was on file and no action apparent for a period in excess of six months. The Court *sua sponte* scheduled a hearing requiring Plaintiff to show cause why this case should not be dismissed. Following oral argument, the Court permitted briefing and now FINDS Plaintiff's original claim should be Dismissed Without Prejudice, but that Plaintiff will be allowed to pursue the retaliation claim in her amended complaint.

### *Discussion*

      Plaintiff filed her original complaint on May 26, 2000. On May 24, 2001, Plaintiff filed an amended complaint. On a routine file review, the Court noticed there had been

no significant action in the file for almost one year.  The Court scheduled a hearing to allow Plaintiff's former counsel to respond to an order to show cause why the complaint should not be dismissed for failure to make timely service under Federal Rule of Civil Procedure 4(m).  The Defendant U.S. West Communications a/k/a QWest also appeared at the June 28, 2001, hearing.  The Court granted the parties ten days to brief whether the Federal Rules of Civil Procedure permitted service of the amended complaint following the Plaintiff's failure to serve the original complaint for one year.  Having reviewed the briefs, the Court is convinced Tenth Circuit precedent favors permission to file an amended complaint.

Federal Rule 4(m) directs that service be completed within 120 days of filing the complaint.  Rule 4(m) states that when a plaintiff fails to serve a defendant within the 120-day period, the court "shall dismiss the action without prejudice ... or direct that service be effected within a specified time." *Id.*  The rule requires courts to undergo a two-part analysis.  *See Espinoza v. United States*, 52 F.3d 838, 840 (10th Cir. 1995).  Where the plaintiff can establish a good cause for her failure to properly serve a defendant, the court must extend the service deadline.

In *Putnam v. Morris*, 833 F.2d 903, 905 (10th Cir. 1987), the court adopted the "good cause" standard from the Fifth Circuit which noted that "inadvertence or mistake of counsel or ignorance of the rule normally does not suffice and that some showing of good faith and a reasonable basis for non compliance for the time specified is necessary

to show good cause." *Id.* (citing *Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1306 (5th Cir. 1985)). Plaintiff's brief, her affidavit, and the affidavit of her counsel all rest upon her counsel's apparent neglect as the reason for the failure to perfect service on QWest. "The law is well settled that simple attorney neglect or inadvertence, without the presence of substantial extenuating factors, such as sudden illness or natural disaster, cannot constitute the sole basis for a 'good cause' determination." *Id.* at 208 (citing *Floyd v. United States*, 900 F.2d 1045, 1047 (7th Cir. 1990); *Friedman v. Estate of Presser*, 929 F.2d 1151 (6th Cir. 1991); *Braxton v. United States*, 817 F.2d 238 (3d Cir. 1987)). In this case, therefore, even Plaintiff must recognize that she cannot establish good cause.

It is, then, the discretionary prong of Rule 4(m) on which the Plaintiff must cast her hope. In this regard, *Espinoza*, 52 F.3d at 838, provides guidance. Plaintiff therein filed suit against the Department of Veterans Affairs and two physicians for injuries allegedly received during medical treatment. Plaintiff, *pro se*, mailed a copy of his complaint to the Veterans Administration, but failed to effectuate proper service. The district court dismissed without prejudice. The Tenth Circuit agreed that plaintiff failed to demonstrate good cause, but remanded the case for consideration of whether a permissive extension was warranted. In considering this issue, the Tenth Circuit pointed out that not only was plaintiff *pro se*, but that he was faced with the complexity of serving multiple defendants including the United States. In the present case, Plaintiff

was represented by counsel who had but one private party to serve. Thus, *Espinoza* does not dictate the Court excuse the neglect of counsel.

The *Espinoza* court also, however, directed the district court should consider the limitations period in deciding whether to exercise its discretion under Rule 4(m). While this Court is disinclined to excuse the incompetence (and if Plaintiff's affidavit is accurate, disingenuousness) of counsel, *Espinoza* dictates the Court attempt to avoid inflicting unnecessary damage on Plaintiff. Plaintiff's original complaint involved Plaintiff's claim that she was disabled under the Americans With Disabilities Act ("ADA") and that Defendant failed to accommodate her. Plaintiff was subsequently terminated and filed a second claim for retaliation. The Equal Employment Opportunity Commission issued a right to sue letter on March 19, 2001. Since Plaintiff's former counsel had never served Defendant, he merely amended the complaint. Obviously, this did not satisfy the requirement of Rule 4(m) requiring proper service of the original complaint. *Hunt v. Dept. of Air Force*, 29 F.3d 583 (11th Cir. 1994); *McGregor v. United States*, 933 F.2d 156 (2d Cir. 1991); 4A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 1137 at 103 (2000 Supp.).

Since the amended complaint could not preserve the original claim, the statute of limitations appears to have run on Plaintiff's original claim that Defendant failed to accommodate her under the ADA. However, the Tenth Circuit's language in *Espinoza*

would seem to militate against the exercise of judicial discretion to dismiss the entire claim.  As to the original complaint, the negligence of counsel alone is insufficient to excuse the failure of any attempt to serve Defendant for one year.  *Habib v. General Motors Corp.*, 15 F.3d 72 (6th Cir. 1994).  This is particularly so in light of Defendant's allegations that at least three potential witnesses are no longer employed by QWest.  *Giuliano v. Everything Yogurt*, 152 F.R.D. 449, 453 (E.D.N.Y. 1994) (citing *Pearson v. Dennison*, 353 F.2d 24, 28 (9th Cir. 1965)).  The original claim is not therefore preserved.  *Espinoza*, however, counsels Plaintiff not be punished unnecessarily for the incompetence of counsel.  The claim in the amended complaint should therefore be allowed.

### O R D E R

Plaintiff's original complaint is DISMISSED.  Plaintiff is Granted twenty (20) days to file a second amended complaint in compliance with this opinion.  Service will be made in accordance with Federal Rule of Civil Procedure 4 within thirty (30) days of filing.

Dated at Albuquerque this 21st day of September, 2001.

_____
**BRUCE D. BLACK**
**United States District Judge**

5

**Counsel for Plaintiff:**

>   Katherine D. Lucero, FOSTER JOHNSON MCDONALD LUCERO & KOINIS, Albuquerque, NM

**Counsel for Defendant:**

>   Jacqueline M. Woodcock, KELEHER & MCLEOD, Albuquerque, NM